# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

## NO. 5:11-MJ-01831-RJ-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| REBECCA L. CAMERON ) | |
| _____) | |

This cause comes before the Court upon Defendant's motion under Federal Rule 35(a) of Criminal Procedure to correct the revocation sentence imposed in this matter. (DE-29). Defendant argues that the Court clearly erred in sentencing her to supervised release and requests that the sentence be vacated. The government does not oppose the motion. Accordingly, the motion is ripe for adjudication. For the reasons stated herein, the motion is DENIED.

## I.  BACKGROUND

On February 13, 2013, Defendant pleaded guilty to driving while impaired (DWI), in violation of 18 U.S.C. § 13, assimilating N.C. Gen. Stat. § 20-138.1. Defendant received a sentence of one year of probation, community service, a $200 fine, and a $10 special assessment. (DE-17). On February 22, 2013, the Court approved modification of the judgment to include drug aftercare, abstinence from alcohol, and mental health treatment. On June 12, 2013, the Court held a hearing on a motion for revocation of Defendant's probation. At the revocation hearing, the Court found that Defendant had violated the terms of her probation and revoked the term of probation. Defendant was

sentenced to sixty days in custody, followed by ten months of supervised release. (DE-25, DE-28). Defendant now seeks to vacate that portion of the revocation sentence imposing supervised release.

## II. LEGAL BACKGROUND

Supervised release is a specifically authorized punishment for a federal crime, including a Class A misdemeanor, but not for a petty offense. 18 U.S.C. § 3583(b)(3). A "petty offense" is defined as a Class B misdemeanor or a Class C misdemeanor that has a maximum sentence of imprisonment of six months or less. 18 U.S.C. §§ 19, 3559(a).

The Assimilative Crimes Act ("ACA") authorizes punishment for a violation of state substantive law occurring in the special maritime and territorial jurisdiction of the United States. 18 U.S.C. §§ 13, 7. The ACA states that a defendant convicted of violating a state law occurring on federal territory "shall be guilty of a like offense and subject to a like punishment." 18 U.S.C. § 13(a). The Fourth Circuit has determined that supervised release may be imposed for a North Carolina level five DWI offense under the ACA. _See_ United States v. Pierce, 75 F.3d 173, 175 (4th Cir. 1996). In *Pierce*, the district court revoked the defendant's initial sentence of probation for a level five DWI offense occurring on the Fort Bragg Military Reservation and sentenced the defendant to thirty days' imprisonment followed by a one-year term of supervised release. The defendant appealed the imposition of supervised release, arguing that the sentence was not authorized by the assimilated North Carolina statute. _Id._ The Fourth Circuit held that a sentence of supervised release for a level five DWl was a lawful punishment under the ACA and affirmed the judgment of the district court. _Id._ at 178.

## III. ANALYSIS

Here, Defendant argues that supervised release is not an authorized punishment under 18 U.S.C. § 3583(b)(3), because the maximum punishment for a level five DWI is sixty days. *See* N.C. Gen. Stat. § 20-179(k). As such, argues Defendant, a level five DWI is a Class B misdemeanor, and therefore a "petty offense." Because a level five DWI offense constitutes a petty offense under 18 U.S.C. § 3583(b)(3), Defendant contends supervised release may not be imposed. However, Defendant was sentenced under the ACA, not 18 U.S.C. § 3583(b)(3), and the decision in *Pierce* is directly on point. The defendant in *Pierce* received nearly the same sentence (30 days' imprisonment followed by a one-year term of supervised release) for the same underlying conduct (DWl level five on Fort Bragg) as Defendant here (Defendant's supervised release is only for ten months). The ACA "like punishment" provision gives an independent basis for the imposition of a term of supervised release. This was implicitly recognized by the holding and reasoning of the *Pierce* case. *See* Pierce, 75 F.3d at 177 (noting that "the sentencing guidelines governing probation and supervised release do not apply to Pierce's specific offense" but that "Pierce was sentenced under the ACA"). Had the Fourth Circuit found that the only lawful authorization of the district court to issue a term of supervised release was the authority under 18 U.S.C. § 3583(b)(3), the Fourth Circuit would have reversed, not affirmed the district court. *See* Pierce, 75 F.3d at 177 n.1 (specifically recognizing DWl level five offense as "a Class B misdemeanor to which the guidelines do not apply").

As a matter of statutory construction, there is no conflict between the authority in the ACA and 18 U.S.C. § 3583. The different authorized terms of supervised release outlined in 18 U.S.C. § 3583(b) are applicable "[e]xcept as otherwise provided." 18 U.S.C. § 3583(b). The "[e]xcept as otherwise provided" implies that other statutes may provide additional or different authority for imposing supervised release. The ACA is just such other authority, as shown by the Fourth Circuit's decision in *Pierce*. Therefore, the supervised release statute, 18 U.S.C. § 3583, does not prohibit the district court's authority in imposing supervised release under the ACA. Accordingly, Defendant's motion to correct or vacate the sentence imposing supervised release (DE-29) is DENIED. *Cf.* United States v. Washington, No. 5:13-CR-00027-BR, Order, Feb. 8, 2013, DE-54 (rejecting the defendant's argument, identical to that asserted by Defendant here, that supervised release was not authorized under the ACA for a level five DWI offense and affirming the term of supervised release imposed by the magistrate judge).

DONE AND ORDERED in Chambers at Raleigh, North Carolina this 18th day of June, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE